UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRICK PITTMAN,

                      Plaintiff,

v.                                                           9:01-CV-0100
                                                               (LEK/GHL)

OFFICER ERICKSON, Corrections Officer,

                      Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

DERRICK PITTMAN
96-A-3507
  Plaintiff, *Pro Se*
Auburn Correctional Facility
135 State Street
Auburn, New York 13021

HON. ELIOT L. SPITZER                             MEGAN M. BROWN, ESQ.
Attorney General of the State of New York        Assistant Attorney General
  Counsel for Defendant Erickson
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to the undersigned for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b). Inmate Derrick Pittman ("Plaintiff") commenced this *pro se* action against, among others, Corrections Officer Wayne Erickson ("Defendant") pursuant to 42 U.S.C. § 1983 alleging various violations of his civil rights. (Dkt. No. 1.) On August 21, 2002, District Judge Kahn entered an Order dismissing Plaintiff's claims against all defendants other than Defendant

Pittman. (Dkt. No. 32.) On June 6, 2005, Defendant Erickson filed a motion to dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 41(b) and Local Rules 10.1(b) and 41.2(b). (Dkt. No. 41.) Plaintiff has not opposed Defendant Erickson's motion. For the following reasons, I recommend that Defendant's motion be granted.

## I.   BACKGROUND

On February 16, 2001, the Court ordered Plaintiff, *inter alia*, to keep the Clerk's Office apprised of his current address. (Dkt. No. 5 at 4.) Specifically, the Court advised plaintiff that "**[p]laintiff is also required to promptly notify the Clerk's Office and counsel for the defendants of any change in his address; his failure to do same will result in the dismissal of the instant action.**" (*Id*.) As of February 13, 2002, Plaintiff's address of record has been Auburn Correctional Facility. (*See* Dkt. Entry Dated 2/13/02.) However, it appears that, on February 3, 2005, Plaintiff was released from *Marcy Correctional Facility*. (Dkt. No. 41, Part 3 [Report from DOCS Inmate Locator System].) Plaintiff did not notify the Court or defense counsel of his change of address from Auburn Correctional Facility to Marcy Correctional Facility. (*See generally* Docket Entries From 2/13/02 to 2/3/05.) Nor did Plaintiff notify the Court or defense counsel of his change of address once he was released from Marcy Correctional Facility. (*See generally* Docket Entries Since 2/3/05; *see also* Dkt. No. 43 [6/28/05 Notice Indicating Mail from Court to Plaintiff Returned as Undeliverable Due to Plaintiff's Release].)

On June 1, 2005, Defendant moved to dismiss Plaintiff's Complaint due to Plaintiff's failure to keep the Court and defense counsel apprised of his current address as required by Local Rule 10.1(b) and Fed. R. Civ. P. 41(b). (Dkt. No. 41, Part 2 [Mem. of Law].) On June 24, 2005, the Court filed an order (1) reminding Plaintiff that he had not yet responded to Defendant's

2

motion to dismiss, (2) granting Plaintiff an extension until July 24 2005, to so respond, and (3) advising Plaintiff that his failure to so respond would be deemed consent to the granting of Defendant's motion.  (Dkt. No. 42.)  Still, Plaintiff did not respond to Defendant's motion or notify the Court of his change of address.  (*See* Dkt. No. 43 [6/28/05 Notice Indicating Mail from Court to Plaintiff Returned as Undeliverable Due to Plaintiff's Release].)

**II.   DISCUSSION**

Local Rule 7.1(b)(3) provides that "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown." N.D.N.Y. L.R. 7.1(b).

Here, Defendant's motion was properly filed and unopposed.  Furthermore, Defendant has met his burden to demonstrate entitlement to the relief requested therein.[1]  Finally, Plaintiff has offered no cause for his failure to respond.  Therefore, Plaintiff's failure to file and serve opposition papers is deemed as his consent to the granting of the motion.

For these reasons, dismissal is appropriate.  *See Wilmer v. Torian, et al.*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.)

---

[1]   As Defendant correctly points out in his memorandum of law, "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).  As Defendant further points out, failure to prosecute an action or comply with an order of the Court to notify it of a change in address may subject an action to dismissal under Fed. R. Civ. P. 41(b).  *See, e.g., Robinson v. Middaugh*, No. 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed. R. Civ. P. 41(b) where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change).

(recommending dismissal because of plaintiff's failure to respond to motion to dismiss and the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *Carter v. Superintendent Montello, et al.*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.) (recommending dismissal because of plaintiff's failure to respond to motion to dismiss and the reasons set forth in defendants' motion papers), *adopted by* 1996 U.S. Dist. LEXIS 15073, at *2 (N.D.N.Y. Oct. 7, 1996) (Pooler, J.).

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that the remaining claims in Plaintiff's Complaint (Dkt. No. 1) against Defendant Erickson be **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 25, 2005
      Syracuse, New York

                                              George H. Lowe
                                          United States Magistrate Judge